Case 0:25-cv-60673-KMW   Document 1   Entered on FLSD Docket 04/08/2025   Page 1 of 9

FILED BY_____ D.C.
APR 0 8 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

_____

MARIA DOLORES NAVARRO MARTIN
_____Petitioner_____

v.                                         Case No. _____
                                              (Supplied by Clerk of Court)

UNITED STATES ATTORNEY GENERAL
_____Respondent_____
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name: MARIA DOLORES NAVARRO MARTIN
    (b) Other names you have used: MARIA NAVARRO MARTIN
2.  Place of confinement:
    (a) Name of institution: BROWARD TRANSITIONAL CENTER
    (b) Address: 3900 N. Powerline Rd. Pompano Beach Fl. 33073

    (c) Your identification number: A- 204 984 846
3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:
    IMMIGRATION AND CUSTODY ENFORCEMENT- ICE - DHS
4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
        If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: _____
        (b) Docket number of criminal case: _____
        (c) Date of sentencing: _____
    ☒ Being held on an immigration charge
    ☐ Other (explain): _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☒ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): _Rejected Filing in application for a Joseph Hearing_

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: _Immigration Court - Pompano Beach - Fl._
   (b) Docket number, case number, or opinion number: _A: 204 984 846_
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): _Rejected Filing on Application for a Joseph Hearing._

   (d) Date of the decision or action: ____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes    ☒ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: ____
       (2) Date of filing: ____
       (3) Docket number, case number, or opinion number: ____
       (4) Result: ____
       (5) Date of result: ____
       (6) Issues raised: ____

   (b) If you answered "No," explain why you did not appeal: ____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes      ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes      ☐ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
      ☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____
   _____
   _____
   _____
   _____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ☐ Yes          ☐ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____
   _____
   _____
   _____
   _____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
   _____
   _____
   _____
   _____

11. **Appeals of immigration proceedings**
    Does this case concern immigration proceedings?
    ☒ Yes          ☐ No
    If "Yes," provide:
    (a) Date you were taken into immigration custody: January 2, 2025
    (b) Date of the removal or reinstatement order: February 12, 2025
    (c) Did you file an appeal with the Board of Immigration Appeals?
        ☒ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: February 14, 2025
(2) Case number: A-204 984 246
(3) Result: Dismissed
(4) Date of result: March 26, 2025
(5) Issues raised: Whether the respondent is removable as charged under INA § 237(a)(2)(A)(iii) on jurisdictional grounds, based on an Unconstitutionally vague state statute of conviction; Fla. St. 914.22(1)(a) not stated in the Notice To Appear.

(d) Did you appeal the decision to the United States Court of Appeals?
☒ Yes    ☐ No
If "Yes," provide:
(1) Name of court: U.S. District Court of Appeal District of Columbia
(2) Date of filing: April 2, 2025
(3) Case number: N/A
(4) Result: N/A - Pending of Review
(5) Date of result: N/A
(6) Issues raised: The Board of Immigration Appeals erred dismissing the petition to review the respondent's Motion To Dismiss, where the respondent was found deportable under an unconstitutionally vague state statute of conviction, no stated in the Notice To Appear.

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes    ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Under the Due Process Clause, the Immigration Court violated the petitioner's Due process, acting without jurisdiction under the provisions of a State Statute of Conviction s. 914.22(1)(a) Fla. Stat. which had been declared "Unconstitutionally Vague" by the Fla. Supreme Court in State v. CHEN, 56.ES So.2d 49 (Fl. 1990).

(a) Supporting facts (Be brief. Do not cite cases or law.):
The deportation proceedings are "fundamentally Unfair" and procedurally defective, since that (1) the petitioner's due process rights were violated, acting without jurisdiction under the provisions of an State Statute of Conviction, and (2) the petitioner suffered prejudice as result "nullified ambiguous provisions." See Sessions v Di Maya, 584 US. 138 SCT 1204, 200 L.Ed.2d 549 (2018).

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes      ☐ No

**GROUND TWO:** Under the Due process Clause, the Immigration Court violated the petitioner's Constitutional rights, in a finding of deportability on a ground not alleged and charged, which was violated the petitioner's right to Notice and an opportunity to be heard and the petitioner suffered prejudice as a result of the defects.

(a) Supporting facts (Be brief. Do not cite cases or law.):
The Service of the NTA, not alleged the Charges under the Section 914.22(1)(a) Fl. St. There was not a clear and convincing evidence that petitioner was convicted "as charged". The petitioner was deprived of an "opportunity to judicial review". A Federal Court cannot permit a defendant to be Tried on charges that are not made in the Indictment or "Notice To Appear."

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes      ☐ No

**GROUND THREE:** Under the Due Process Clause, the Agency violated the petitioner's constitutional rights to the Due process when it depart from a prior policy, since that a Violation of the "Accardi doctrine" constitute a "violation of the Fifth Amend's Due Process Clause."

(a) Supporting facts (Be brief. Do not cite cases or law.):
The Agency depart from a prior policy which established; that the petitioner must be charged in the NTA "with the provisions of Law... under the alien is being charged." The Agency violated the claim-processing rules, and acted without jurisdiction under the provisions of an State Statute of Conviction, previously declared "Unconstitutionally Vague".

(b) Did you present Ground Three in all appeals that were available to you?
☒ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** The Immigration Court erred rejecting the filing of an application for a Joseph hearing; under an unconstitutionally vague state statute of conviction not stated in the Notice of Appeal

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
See Memorandum in Support in petition for habeas corpus requesting a Joseph Hearing, which is adapt and incorporate in this petition.

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The Board of Appeal found not have jurisdiction to review on March 26, 2025.

**Request for Relief**

15. State exactly what you want the court to do: (1) The Issuance of a declaratory relief directed to the Immigration Court, to the execution of a Joseph Hearing.
(2) Any and all the appropriate relief that this honorable Court deem just and proper.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

This petition was placed in the hand of Immigration officer on April 2, 2025

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: April 2, 2025

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

MARIA Dolores Navarro Martu
A# 204 984 846 - BTC
3900 N. Powerline Rd.
Pompano Beach Fl. 33073



Royal Palm FDDC 3
WED 02 APR 2025