UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:  25-60673-CV-WILLIAMS

MARIA DOLORES NAVARRO MARTIN,

      Petitioner,

v.

UNITED STATES ATTORNEY GENERAL,

      Respondent.

_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on the *pro se* amended Petition for Writ of Habeas Corpus (DE 12) ("***Amended Petition***") brought pursuant 28 U.S.C. § 2241 by Petitioner Maria Dolores Navarro Martin ("***Petitioner***").  In the Petition, Petitioner requests an Order from this Court directing the Respondent to provide her with an individualized bond hearing to determine whether she may be released on conditions of supervision pending a final determination by immigration officials.  (*Id.* at 8.)  After review of the Amended Petition (DE 12) with attached exhibits (*Id.* at 27–50), including Petitioner's own Affidavit (*Id.* at 48–50), the Respondent's Response (DE 15) with supporting exhibits, the pertinent portions of the record, and applicable law, for the reasons discussed below, the Petition is **DISMISSED.**

**I.     BACKGROUND**

Petitioner is presently in the custody of Immigration and Customs Enforcement ("***ICE***") at the Broward Transitional Center (the "***Center***").  (DE 12 at 26.); *see also* Petitioner's Detention History (DE 15-1, Ex. A at 2.)  Petitioner is a native of Venezuela and a citizen of Spain.  *See* Department of Homeland Security, Notice to Appeal (DE 15-

3, Ex. C at 2.)  On March 10, 2012, Petitioner entered the United States in Miami, Florida on a visa waiver.[1]  On March 10, 2014, following an approved I-130 Petition,[2] Petitioner received lawful permanent resident status of the United States.  *See* Record of Deportable/Inadmissible Alien, Form I-213 (DE 15-2, Ex. B at 3.)

On September 20, 2019, Petitioner was convicted and sentenced to seven (7) years in prison for witness tampering, in violation of Fla. Stat. § 914.22(1)(a), (2)(d), in *State of Fla. v. Martin*, No. 2017-CF-010498-A-O (9th Jud. Cir. 2019) (the "***2017 Criminal Case***").  *See Id.* (DE 15-2, Ex. B at 3); *see also* Notice to Appear (DE 15-3, Ex. C at 5.)

On December 2, 2024, immigration officials ("***Immigration Officials***") determined that Petitioner was deportable pursuant to 8 U.S.C. § 1227.  *See Id.* (DE 15-2, Ex. B at 2.)  Immigration officials further determined that Petitioner was removable pursuant to Immigration and Nationality Act ("***INA***") § 237(a)(2)(A)(iii).  *Id.* (DE 15-2, Ex. B at 3.)  On January 9, 2025, Petitioner was served with a Notice to Appear.  *See* Notice to Appear (DE 15-3, Ex. C at 5.)

On February 12, 2025, after Petitioner moved to terminate her removable proceedings, an immigration judge entered an Order denying Petitioner's motion to terminate her removability and sustained Petitioner's removability pursuant to pursuant to INA § 237(a)(2)(A)(iii), finding that Petitioner's conviction in the 2017 Criminal Case constituted an aggravated felony, as defined in INA § 101(a)(43)(S).  *See* Written

---

[1] A visa waiver "permits citizens of designated countries to travel to the United States for business or tourism for stays of up to 90 days without a visa.  In return, those countries must permit U.S. citizens and nationals to travel to their countries for a similar length of time without a visa for business or tourism purposes."  *See https://www.dhs.gov/visa-waiver-program.*

[2] Petition for Alien Relative.

Decision and Orders of the Immigration Judge (DE 15-4, Ex. D at 9.)  On March 26, 2025, after Petitioner filed an interlocutory appeal regarding the immigration's judge's February 12, 2025, the Board of Immigration Appeal ("BIA"), entered an Order dismissing the appeal for lack of jurisdiction, finding that Petitioner will have "an opportunity for appellate review of the Immigration Judge's determination on removability if she is subject to an adverse order at the conclusion of the Immigration Court proceedings."  *See* March 26, 2025 Order (DE 15-6, Ex. F at 3.)  On April 2, 2025, the BIA entered an Order denying Petitioner's motion for reconsideration.  *See* April 2, 2025 Order of the Immigration Judge (DE 15-7, Ex. G at 3.)

Thereafter, on June 12, 2025, an Order of the Immigration Judge was entered finding Petitioner removable pursuant to INA § 237(a)(2)(A)(iii) and ordering her removal to Spain or Venezuela.  *See* June 12, 2025 Order of the Immigration Judge (ECF No. 15-8, Ex. H at 1, 4).  After Petitioner appealed the immigration judge's Order, the BIA entered a Notice–Briefing Schedule.  (ECF No. 15-9, Ex. I at 2–4.)  From the record presently before this Court, it does not appear that Petitioner's appeal has concluded.  *See* (DE 15 at 2 citing Notice—Briefing Schedule (DE 15-9, Ex. I at 2.)

While the above immigration proceedings were ongoing, Petitioner filed an initial, virtually identical § 2241 petition with this Court, *Martin v. United States Att'y Gen.*, No. 0:25-cv-60355-RS (S.D. Fla. 2025) (the "**60355 Habeas**").  *See* § 2241 Petition (DE 15-11. Ex. K at 1–11).  On March 11, 2025, the Court entered an Order in the 60355 Case dismissing the § 2241 petition for lack of jurisdiction over the decisions of the Attorney General relating to its adjudication of removal proceedings.  *See* March 11, 2025 Order (ECF No. 15-12, Ex. L at 2–6.)

Meanwhile, on August 8, 2025, in the immigration proceedings, after Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, an Order of the Immigration Judge was entered denying Petitioner's request for a custody redetermination on the basis that Petitioner "is subject to mandatory detention under section 236(c) as an individual who has been convicted of an aggravated felony." August 8, 2025 Order (ECF No. 16-1, Ex. E at 84.) The immigration judge further found that a *Joseph*[3] hearing was not warranted because "a Bond redetermination was executed . . . [by] the Immigration Court." (DE 16-1 at 2.)

## II.   DISCUSSION

In the Petition, Petitioner requests entry of an Order directing immigration officials to hold a custody redetermination hearing before an immigration judge. While the Petition was pending, in August 2025, Petitioner received the requested hearing and the immigration judge denied Petitioner's requested release from custody. Thus, this claim is moot as Petitioner was granted the relief requested—a custody redetermination hearing.[4] *See e.g. Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir.

---

[3] A *Joseph* hearing refers to a hearing provided to a detainee who, at that time, "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See* e.g. *Demore v. Kim*, 538 U.S. 510, 5—n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002) and then citing *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999)).

[4] Even if the claim were not moot, Petitioner does not dispute whether she is validly subject to mandatory detention under 8 U.S.C. § 1226(c). *See* (DE 12 at 8). Instead, Petitioner contends that an "indefinite and prolonged detention without a constitutionally adequate bond hearing" is unconstitutional. (*Id.*). Under § 1226(c), detention of an alien is statutorily authorized pending the outcome of deportation proceedings unless "[t]he Attorney General decides . . . that release of the alien from custody is necessary" for witness protection purposes, which is not the issue here. 8 U.S.C. § 1226(c)(2). "By expressly stating that the covered aliens may be released 'only if' certain conditions are met, the statute expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions." *Jennings v. Rodriguez*, 138

2002) (citations omitted) (dismissing as moot an appeal filed by an alien seeking habeas corpus relief from his continued detention after removal was executed while appeal was pending).   "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'"  *Id.* (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)).  "'[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'"  *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Next, Petitioner also raises multiple constitutional and statutory challenges to immigration court orders and findings in the removal proceedings, including a final determination that Petitioner was removable from the United States and an order directing her removal to Venezuela or Spain.  Section 2241 authorizes a district court to grant a habeas corpus petition when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."[5]  28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*,

---

S.Ct. 830, 847 (2017) (alteration added; emphasis and citation omitted) (holding § 1226(c) "[m]andates detention of any alien falling within its scope and that detention and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness protection purposes").  Thus, § 1226(c) requires mandatory detention without any limitations on the length of detention.  *Jennings*, 138 S.Ct. at 838.  In so holding, the Supreme Court made clear that § 1226(c) is unambiguous, requiring that "detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'"  *Jennings*, 138 S. Ct. at 846 (citing § 1226(a)) (emphasis in original); *see also Demore v. Kim*, 538 U.S. 510, 523, 527 (2003) (listing cases) (distinguishing *Zadvydas,* finding removal of those aliens was "no longer practically attainable" and therefore detention "did not serve its purported immigration purpose").  The exception to mandatory detention under § 1226(c) is not present here because Petitioner was taken into custody due to her conviction for witness tampering, an aggravated felony under INA § 237(a)(2)(A)(iii).  *See* 8 U.S.C. § 1226(c)(1)(B).  Consequently, Petitioner is not entitled to release under § 1226(c).  *Jennings*, 138 S.Ct. at 846.

[5] Based on her status as an immigration detainee at the time of filing her initial Petition, Petitioner has met the "in custody" requirement over this Petition.  *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

490 U.S. 488, 490–91 (1989).  On May 11, 2005, Congress enacted the REAL ID Act, which stripped district courts of jurisdiction over § 2241 petitions attacking removal orders. *See* 8 U.S.C. § 1252(B)(ii).  However, the Court's jurisdiction extends to claims relating to immigration detentions.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  In other words, an alien subject to a removal order may file a § 2241 habeas corpus petition raising statutory and constitutional challenges to their post-removal-period detentions but not the actual removal order. *Zadvydas,* 533 U.S. at 687-88; *see also I.N.S. v. St. Cyr,* 533 U.S. 289, 312-13 (2001).

As applied, the Court cannot consider Petitioner's constitutional and statutory challenges to the immigration court's Orders and findings.  Pursuant to 8 U.S.C. § 1252(a)(5), such challenges must be properly raised by way of "a petition for review filed with an appropriate court of appeals in accordance with [the Immigration and Nationality Act]."  *Id.*  Title 8 U.S.C. § 1252(b)(9), "commonly known as the 'zipper clause'"[6] bars district courts from reviewing "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States."  8 U.S.C. § 1252(b)(9); *see also Canal A Media Holding, LLC v. United States Citizenship and Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020) (citing *DHS v. Regents of Univ. of Cal.*, 140 S.Ct. 1891, 1907 (2020) (quoting 8 U.S.C. § 1252(b)(9)).

Claims arising from the removal proceedings "must be 'consolidated in a petition for review and considered by the court of appeals.'"  *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (quoting *St. Cyr*, 533 U.S. at 313 & n. 37).  By eliminating district court review of

---

[6] The "zipper clause" promotes judicial economy by consolidating "challenges to any action related to removal proceedings . . . with the review of the final order of removal."  *Canal A. Media Holding, LLC*, 964 F.3d at 1257 (citation omitted).

final orders entered in immigration proceedings and requiring direct review with the court

of appeals , the INA expedites judicial review of final orders of removal.  *Nasrallah*, 590

U.S. at 580; *see also Canal A Media Holding, LLC*, 964 F.3d at 1257.  Here, Petitioner

claims:  the Notice to Appear violated her due process rights (Ground One); the

immigration judge's Order denying her motion to dismiss violated due process (Ground

Two); the immigration judge's denial of Petitioner's motion for reconsideration violates

due process (Ground Three); and the immigration judge's denial of Petitioner's motion to

terminate and application for asylum/withholding of removal violates due process

(Ground Four).[7]   (DE 12 at 9–24).   The Court cannot consider Petitioner's claims

challenging the immigration court's determinations during her removal proceedings

because the claims must be presented to the court of appeals.  Therefore, dismissal of

the Amended Petition is warranted.

## III.    CERTIFICATE OF APPEALABILITY

A petitioner proceeding under 28 U.S.C. § 2241 must obtain a certificate of

appealability ("**COA**") to appeal a district court's final order dismissing his petition for writ

of habeas corpus.  *See* 28 U.S.C. § 2253(c)(1); *see also Johnson v. Warden*, *Ga.*

---

[7] In each of his grounds for relief, Petitioner also argues, in the alternative, that immigration officials have violated the *Accardi* doctrine. (DE 12 at 9–24).  The *Accardi* doctrine requires federal agencies to comply with its own regulations.  *See Walker v. Att'y Gen.*, 848 F. App'x 404, 404 n.1 (11th Cir. 2021).  To the extent Petitioner argues that immigration officials failed to comply with their own regulations by holding a bond hearing, as previously discussed, such a claim is now moot as a hearing was, in fact, held during the pendency of this action, as noted correctly by Petitioner in her Reply.  To the extent Petitioner seeks to separately argue that the agency's actions in denying her various motions and withholding of deportation, such claims need to be raised in the court of appeals as it involves challenges to the removal proceedings.  *See* e.g., *Zaldivar Anzardo v. U.S. Att'y Gen.*, 835 F. App'x 422, 430—31 (11th Cir. 2020) (claims challenging deficiencies in the immigration court's notice to appear are routinely brought directly to the court of appeals on a petition for review); *see also Nasrallah*, 590 U.S.at 580 (quoting *St. Cyr*, 533 U.S. at 313 & n. 37).

*Diagnostic & Classification Prison*, 805 F.3d 1317, 1322–23 (11th Cir. 2015) (citations omitted). Thus, when a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). However, when the district court rejects a claim on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record and applicable law, the Court finds Petitioner is not entitled to a certificate of appealability.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Amended Petition for Writ of Habeas Corpus (DE 12) is **DISMISSED as moot** to the extent it seeks a bond hearing and **DISMISSED for lack of jurisdiction** to the extent the Amended Petition raises constitutional and statutory challenges to the immigration court's removal proceedings;

3.    All pending motions are **DENIED as moot**; and

4.    The Clerk of Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at Miami, Florida on this 22nd day of January, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Maria Dolores Navarro Martin,** *Pro Se*
Alien No. A-204984846
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

David E. Werner, AUSA
U.S. Attorney's Office
Miami, FL
Email: david.werner@usdoj.gov